# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LOVELL GILLIAM, | 1:09-cv-01383-OWW-DLB (HC) |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING RESPONDENT'S MOTION TO DISMISS PETITION |
| v. | |
| | [Doc. 9] |
| JAMES D. HARTLEY, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on August 7, 2009. (Court Doc. 1.) Respondent filed a motion to dismiss the petition on October 28, 2009. (Court Doc. 9.) Petitioner filed an opposition on November 12, 2009, and Respondent filed a reply on November 20, 2009. (Court Docs. 10, 11.)

## DISCUSSION

A.  Procedural Grounds for Summary Dismissal

Rule 4 of the Rules Governing Section 2254 Cases provides in pertinent part:

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of

1

habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed. See Herbst v. Cook, 260 F.3d 1039 (9th Cir.2001). A petition for habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted. Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

B.   Failure to State a Cognizable Federal Claim

The basic scope of habeas corpus is prescribed by statute. Subsection (c) of Section 2241 of Title 28 of the United States Code provides that habeas corpus shall not extend to a prisoner unless he is "in custody in violation of the Constitution." 28 U.S.C. § 2254(a) states:

> The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to a judgment of a State court *only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States*.

(emphasis added). See also, Rule 1 to the Rules Governing Section 2254 Cases in the United States District Court. The Supreme Court has held that "the essence of habeas corpus is an attack by a person in custody upon the legality of that custody . . ." Preiser v. Rodriguez, 411 U.S. 475, 484 (1973).

Furthermore, in order to succeed in a petition pursuant to 28 U.S.C. § 2254, Petitioner must demonstrate that the adjudication of his claim in state court

> resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1),(2).

Respondent argues that Petitioner has failed to state a cognizable federal claim. The Court finds Respondent's argument to be correct, in part. In his Petition, Petitioner complains that he received a serious Rules Violation Report for possession of drugs in violation of the California Code of Regulations. He asserts that prison officials have not complied with their own rules and regulations in rendering its decision. More specifically, Petitioner argues that the regulations were violated because the controlled substance was not stored or tested. Petitioner

goes on to state that "[w]ithout confirmation by a licensed pharmacist or a toxicology laboratory, 'some evidence' does not apply per Superintend[e]nt v. Hill, 472 U.S. 445 (1985). (Petition, at p.12.)[1] To the extent Petitioner claims a violation of state procedures and regulations, he fails to present a cognizable federal claim. See Estelle v. McGuire, 502 U.S. 62, 67, (1991) ("We have stated many times that 'federal habeas corpus relief does not lie for errors of state law.' "), *quoting* Lewis v. Jeffers, 497 U.S. 764, 780 (1990); Gilmore v. Taylor, 508 U.S. 333, 348-49 (1993) (O'Connor, J., concurring) ("mere error of state law, one that does not rise to the level of a constitutional violation, may not be corrected on federal habeas").

However, when a prison disciplinary proceeding may result in affecting the length of a prisoner's sentence, such as the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927). Thus, the portion of Petitioner's claim that challenges the sufficiency of the evidence to support his rules violation, is cognizable and warrants further review.

## RECOMMENDATION

Accordingly, the Court HEREBY RECOMMENDS that Respondent's motion to dismiss the petition be GRANTED in part and DENIED in part for the reasons explained above.

This Findings and Recommendation is submitted to the Honorable Oliver W. Wanger, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

---

[1] For ease of reference, the Court refers to the page numbers as reflected in the Court's Case Management Electronic Filing System.

1  Within thirty (30) days after being served with a copy, any party may file written
2  objections with the court and serve a copy on all parties. Such a document should be captioned
3  "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections
4  shall be served and filed within ten (10) court days (plus three days if served by mail) after service
5  of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C.
6  § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time
7  may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir.
8  1991).

 IT IS SO ORDERED.

 **Dated:   December 1, 2009**                   **/s/ Dennis L. Beck**
                                                 UNITED STATES MAGISTRATE JUDGE

4