# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL LOVELL GILLIAM,<br><br>       Petitioner,<br><br>    v.<br><br>JAMES D. HARTLEY,<br><br>       Respondent.<br>_____/ | 1:09-cv-01383-OWW-DLB (HC)<br><br>FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS<br><br>[Doc. 1] |

      Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

BACKGROUND

      In the instant petition for writ of habeas corpus, Petitioner challenges a 2007 rules violation for possession of controlled medication on the ground it is not supported by some evidence.

      In 2008, Petitioner filed a petition for writ of habeas corpus in the Kern County Superior Court challenging the rules violation. (Exhibit 1, to Answer.) On September 5, 2008, the superior court found there was some evidence to support the rules violation for possession of a controlled medication. (Exhibit 2, to Answer.)

      Thereafter, Petitioner filed habeas petitions in the California Court of Appeal and California Supreme Court. (Exhibits 3 & 5, to Answer.) Both petitions were summarily denied. (Exhibits 4 & 6, to Answer.)

Petitioner filed the instant federal petition for writ of habeas corpus on August 7, 2009. On October 28, 2009, Respondent filed a motion to dismiss the petition for failure to state a cognizable claim. (Court Doc. 9.) Petitioner filed an opposition on November 12, 2009, and Respondent filed a reply on November 20, 2009. (Court Docs. 10, 11.) On January 27, 2010, this Court granted in part and denied in part Respondent's motion to dismiss. (Court Docs. 12, 14.) The Court found that the portion of the petition which challenged the sufficiency of the evidence in support of Petitioner's rules violation was cognizable under 28 U.S.C. § 2254.

Respondent filed an answer to the petition on March 19, 2010. Petitioner did not file a traverse. (Court Doc. 17. )

## DISCUSSION

A.  Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor, 529 U.S. 362, 375 (2000). Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution. Petitioner's claims for relief arise out of a disciplinary hearing at Corcoran Substance Abuse and Treatment Facility, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus. Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

B.  Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The AEDPA altered the standard of review that a federal habeas court must apply with respect to a state prisoner's claim that was adjudicated on the merits in state court. Williams v. Taylor, 529 U.S. 362 (2000). Under the AEDPA, an application for writ of habeas corpus will

not be granted unless the adjudication of the claim "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States;" or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding." 28 U.S.C. § 2254(d); Lockyer v. Andrade, 123 S.Ct. 1166 (2003), *disapproving the Ninth Circuit's approach in* Van Tran v. Lindsey, 212 F.3d 1143 (9th Cir. 2000); Williams, 529 U.S. 362. "A federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." Lockyer, 123 S.Ct. at 1175 (citations omitted). "Rather, that application must be objectively unreasonable." Id. (citations omitted).

The state court's factual determinations must be presumed correct, and the federal court must accept all factual findings made by the state court unless the petitioner can rebut "the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1); Purkett v. Elem, 514 U.S. 765 (1995); Thompson v. Keohane, 516 U.S. 99 (1995); Langford v. Day, 110 F.3d 1380, 1388 (9th Cir. 1997).

C.   Insufficient Evidence to Support Rules Violation for Possession of Controlled Medication

Petitioner contends that his rules violation for possession of controlled medication was not supported by some evidence.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), *citing* Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety

and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567. In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, *citing* United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

In the last reasoned decision of the Kern County Superior Court, the court found the factual recitation set forth in the rules violation report and Petitioner's admission at the hearing constituted some evidence that he possessed controlled medication. The rules violation report indicates that on July 18, 2007, Officer Galaviz conducted a search of Petitioner's locker and discovered eighteen bindles of a white powdery substance. When interviewed, Petitioner admitted that the bindles belonged to him and consisted of Seroquel-an anti-psychotic medication.[1] During a subsequent interview with Sergeant Phillips, Petitioner admitted again that the Seroquel belonged to him.

A hearing was conducted on July 26, 2007, by Lieutenant Mason, and Petitioner pled guilty to the possession of controlled medication, stating "That medication helps me sleep. I was not selling it." Petitioner was found guilty based on the written statement by officer Galaviz, Petitioner's admission to possessing the controlled medication, and his failure to present a credible defense. Petitioner was initially assessed a 150 days of credit forfeiture, which was later reduced to 130 days.

California Code of Regulations, title 15, section 3016, subdivision (a) states:

> Inmates shall not inhale, ingest, inject, or otherwise introduce into their body; use, possess, manufacture, or have under their control any controlled substance, medication, or alcohol, except as specifically authorized by the institution's/facility's health care staff.

California Code of Regulations, title 15, section 3290, subdivision (e) states:

> Field testing of seized substances that are suspected of being a controlled substance shall be conducted for "screening" purposes only. Disciplinary action

---

[1] Pursuant to Rule 201(b) of the Federal Rules of Evidence, the Court takes judicial notice of the description by the United States Food and Drug Administration of Seroquel as a prescription medication used to treat schizophrenia and bi-polar disorder. See http://www.accessdata.fda.gov/Scripts/cder/DrugsatFDA/index.cfm

4

>   for possession of a controlled substance based solely on a field test shall not
>   include the loss of work/behavior credits unless a laboratory has confirmed that
>   the suspected substance is in fact a controlled substance, or the inmate has
>   admitted to possessing the controlled substance, accepts the results of a field tet,
>   and waives the requirement of testing by a laboratory, and has signed a document
>   to that effect.

Petitioner contends that the prison did not conduct laboratory testing of the substance, and claims prison officials did not comply with section 3290 subdivision (h) to properly record, store, and dispose of the substance. Contrary to Petitioner's claim, there is no requirement under section 3016 that the prison perform laboratory testing on the medication to be found in violation of this code. Indeed, the plain language of section 3016 prohibits possession of any medication that is not specifically authorized by the institution's health care staff. Seroquel cannot be purchased without a prescription and Petitioner did not have a prescription. Moreover, section 3290 by its own terms is limited to controlled substances, not medication. Petitioner cites subdivision (h) of section 3290 in support of his contention that prison officials failed to properly record, store, and dispose of the substance.

Petitioner further contends that he only admitted to possessing one bindle of what he believed to be Seroquel. However, Petitioner's claim is not supported by the record. Rather, as detailed above, Petitioner admitted, on three separate occasions to three different individuals, that he possessed the Seroquel found in his locker. Indeed, Petitioner's own statement that he was not selling the Seroquel supports the conclusion that a large quantity was discovered in his locker. It was not until he filed his administrative appeal, and after custody credits were forfeited, that he claimed he pled guilty to possessing only one bindle of Seroquel. Thus, the evidence before the Court does not demonstrate that Petitioner pled guilty to only one bindle of Seroquel, and there is some evidence to support that he was guilty as charged. The state courts' determination of this issue was not contrary to, or an unreasonable application of, clearly established Supreme Court precedent.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.     The instant petition for writ of habeas corpus be DENIED; and

5

2. The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendation is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within fourteen (14) days after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **May 6, 2010**     /s/ **Dennis L. Beck**
UNITED STATES MAGISTRATE JUDGE